UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------------x
ESMERALDA OSORIO,                                                :
individually and on behalf of a class,                           :
                                                                 :
                Plaintiff,                                       :
                                                                 :  COMPLAINT – CLASS ACTION
        v.                                                       :
                                                                 :
ENHANCED RECOVERY COMPANY, LLC                                   :
                                                                 :
                Defendant.                                       :
-----------------------------------------------------------------x
```

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper because defendant's collection communications were received by plaintiff within this District.

## PARTIES

1

5. Plaintiff is an individual who resides in Norwalk, Connecticut.

6. Defendant is a collection agency organized as a limited liability company under Delaware law with principal offices at 8014 Bayberry Road, Jacksonville, Florida.

7. Defendant is a debt collector as defined in the FDCPA.

## FACTS

8. On or about March 8, 2012, defendant sent plaintiff the collection letter attached as <u>Exhibit A</u>.

9. <u>Exhibit A</u> seeks to collect an alleged consumer-purpose debt.

10. <u>Exhibit A</u> is the first letter plaintiff received from defendant concerning the alleged debt described therein.

11. On information and belief, <u>Exhibit A</u> is a form letter used by defendant as the initial letter it sends to a consumer concerning an alleged debt. The letter states: This letter serves as notification that your delinquent account may be reported to the national credit bureaus. The debt at the time of the letter was in default for approximately 6 years and no change in the reporting of the debt as implied by this language was to take place. Said implication is false and deceptive.

## COUNT I – FDCPA

12. Plaintiff incorporates paragraphs 1-11.

13. Defendant violated 15 U.S.C. §§1692e. Section 1692e provides:

2

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

15. The class consists of (a) all individuals with addresses in the state of New York (b) to whom defendant sent a letter in the form represented by Exhibit A (c) which letter was sent on or after a date one year prior to the filing of this action, and (d) less than 20 days after the filing of this action.

16. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

17. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

18. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

19. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

3

20. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights; and

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

    _s/Lawrence Katz_
    Lawrence Katz

Lawrence Katz
LAW OFFICES OF LAWRENCE KATZ
445 Central Avenue, Suite 201
Cedarhurst, New York 11516
(516) 374-2118
(516) 706-2404 (FAX)

5

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Lawrence Katz